UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

FILED

FEB 2 0 2025

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. |
| | ) |
| ELIZABETH BROOKS and | ) |
| LAMONICA HENDERSON, | ) |
| | ) |
| Defendants. | ) |

**4:25CR57-AGF/JMB**

## INDICTMENT

The Grand Jury charges that, at times relevant to this Indictment:

## OVERVIEW

1.      In late 2022, the defendants, **ELIZABETH BROOKS** ("Defendant Brooks") and **LAMONICA HENDERSON** ("Defendant Henderson"), together with others known and unknown to the Grand Jury, carried out a scheme through which they fraudulently obtained from Walmart more than 20 Apple iPhones that had a combined retail value of more than $20,000.

## BACKGROUND

2.      Between in or around November 2022 and in or around January 2023, Defendant Brooks was employed by Premium Retail Services as a salesperson and was assigned to work at various Walmart stores.

3.      Premium Retail Services has a business relationship with Walmart, as part of which Premium Retail Services assigns its salespeople, like Defendant Brooks, to work in Walmart stores to assist customers with their wireless needs, such as signing up for cellular service plans and purchasing new cellphones.

4.      During the time that Defendant Brooks was assigned to work at Walmart stores,

Premium Retail Services assisted Walmart customers with, among other things, making iPhone purchases through new service contracts with providers like AT&T and Verizon.

5.     If a customer signed up and was approved for a new service contract, the customer could finance the purchase of an iPhone by paying the sales tax for the phone in the store and agreeing in the contract to pay the purchase price of the phone in installments as part of the monthly bill from the provider.

**COUNTS ONE–SIX**
**(Wire Fraud: 18 U.S.C. §§ 1343 and 2)**

6.     The above paragraphs are hereby realleged and incorporated by reference.

**A.     The Scheme**

7.     Beginning no later than on or about November 13, 2022, and continuing through at least on or about December 31, 2022, in the Eastern District of Missouri and elsewhere, Defendant Brooks and Defendant Henderson, working together with others known and unknown to the Grand Jury, with the intent to defraud, devised and intended to devise a scheme and artifice to defraud Walmart, and to obtain property from Walmart—specifically, Apple iPhones—by means of materially false and fraudulent pretenses, representations, and promises, as described below.

**B.     The Manner and Means**

It was part of the scheme that:

8.     In or around November 2022 and December 2022, Defendant Brooks was assigned by Premium Retail Services to work as a salesperson at Walmart stores located within the Eastern District of Missouri, including Walmart stores in St. Louis, Fenton, and Arnold.

9.     On numerous occasions when Defendant Brooks was working at those stores, Defendant Henderson, who is Defendant Brooks' friend, as well as others known and unknown to

2

#

the Grand Jury, went to the stores and, with the assistance of Defendant Brooks, fraudulently obtained iPhones from Walmart.

10.    Specifically, while Defendant Henderson and others were at the stores, Defendant Brooks exploited her employment with Premium Retail Services, in that she assisted Defendant Henderson and others with making fraudulent iPhone purchases by signing up for new service contracts with AT&T and Verizon using the personally identifiable information ("PII")—such as the names, birthdates, and social security numbers—of identity theft victims, which Defendant Brooks, Defendant Henderson, and others with whom they were working knew was done without those victims' authorization.

11.    When Defendant Brooks assisted Defendant Henderson and others with making those fraudulent iPhone purchases through new service contracts with AT&T and Verizon, numerous interstate wire transmissions occurred as part of each transaction, including, but not limited to, an interstate wire transmission from the Walmart store within the Eastern District of Missouri where the transaction occurred to the server of Walmart's Wireless Activation Retail Platform ("WARP") in the State of Virginia.

12.    To make those fraudulent transactions appear legitimate when they were conducted and to conceal the fraud scheme, after the contracts were approved, Defendant Henderson and others paid Defendant Brooks the sales tax owed for the iPhones before leaving the stores with the phones.

13.    After fraudulently obtaining the iPhones, neither Defendant Brooks nor Defendant Henderson, nor any of the others with whom they were working, paid the providers the full amounts owed for the iPhones pursuant to the service contracts. Walmart, in turn, was required to

3

pay the providers the cost of those fraudulently obtained iPhones.

14.    In total, through their fraud scheme, Defendant Brooks, Defendant Henderson, and others known and unknown to the Grand Jury, fraudulently obtained from Walmart at least 20 iPhones that had a combined a retail value of over $20,000.

## C.    The Wire Transmissions

15.    On or about the dates set forth below, within the Eastern District of Missouri and elsewhere, the defendants,

**ELIZABETH BROOKS** and
**LAMONICA HENDERSON,**

along with others, known and unknown to the Grand Jury, all of whom were aiding, abetting, counseling, encouraging, and inducing each other and acting together, for the purpose of executing the above-described scheme and artifice, and with the intent to defraud, used, or caused to be used, an interstate wire communication in furtherance of, or in an attempt to carry out, some essential step in the scheme, that being an interstate wire transmission from the Walmart stores listed below that are located within the Eastern District of Missouri to Walmart's WARP server in the State of Virginia, as follows:

| Count | Date | Walmart Store | Phone | Retail Value of Phone | Service Provider | Victim PII Used |
|---|---|---|---|---|---|---|
| 1 | 11/13/2022 | St. Louis, MO | iPhone 13 Pro Max | $1,149 | AT&T | M.J. |
| 2 | 11/25/2022 | St. Louis, MO | iPhone 14 | $879 | Verizon | H.V. |
| 3 | 11/30/2022 | Fenton, MO | iPhone 14 Plus | $979 | Verizon | T.G. |
| 4 | 12/9/2022 | Arnold, MO | iPhone 14 Plus | $979 | Verizon | N.W. |
| 5 | 12/17/2022 | Fenton, MO | iPhone 14 Plus | $979 | AT&T | M.J. |
| 6 | 12/31/2022 | Arnold, MO | iPhone 14 Plus | $979 | AT&T | M.H. |

All in violation of Title 18, United States Code, Sections 1343 and 2.

4

#

## COUNTS SEVEN–EIGHT
### (Aggravated Identity Theft: 18 U.S.C. §§ 1028A and 2)

16.     The above paragraphs are hereby realleged and incorporated by reference.

17.     On or about the dates set forth below, within the Eastern District of Missouri and elsewhere, the defendants,

**ELIZABETH BROOKS** and
**LAMONICA HENDERSON,**

aiding, abetting, counseling, encouraging, and inducing each other and acting together, along with others known and unknown to the Grand Jury, during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), that being wire fraud in violation of 18 U.S.C. §§ 1343 and 2, knowingly transferred, possessed, and used, without lawful authority, a means of identification of another person, described below for each count, knowing that the means of identification belonged to another actual person:

| Count | Date | Means of Identification |
|---|---|---|
| 7 | 11/25/2022 | Name, social security number, and date of birth of H.V used to make fraudulent iPhone purchase at Walmart store in St. Louis, Missouri through service contract with Verizon. |
| 8 | 11/30/2022 | Name, social security number, and date of birth of T.G. used to make fraudulent iPhone purchase at Walmart store in Fenton, Missouri through service contract with Verizon. |

All in violation of Title 18, United States Code, Sections 1028A and 2.

### FORFEITURE ALLEGATION

The Grand Jury further alleges there is probable cause that:

1.     Pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461, upon conviction of an offense in violation of Title 18, United States Code, Section 1343, as set forth in Counts One through Six, the defendant(s) shall forfeit to the

5

United States of America any property, real or personal, which constitutes or is derived from proceeds traceable to such violation(s).

2.      Subject to forfeiture is a sum of money equal to the total value of any property, real or personal, which constitutes or is derived from proceeds traceable to such violation(s).

3.      If any of the property described above, as a result of any act or omission of the defendant(s):

    a.      cannot be located upon the exercise of due diligence;

    b.      has been transferred or sold to, or deposited with, a third party;

    c.      has been placed beyond the jurisdiction of the court;

    d.      has been substantially diminished in value; or

    e.      has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

                                        A TRUE BILL.


                                        _____
                                        FOREPERSON


SAYLER A. FLEMING
United States Attorney



_____
JUSTIN M. LADENDORF #68558MO
Assistant United States Attorney

#